UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| HEATHER CARLON, individually, on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>KEYCORP, a national banking association,<br><br>Defendant. | NO.<br><br>COMPLAINT<br>(CLASS ACTION) |

### I. PARTIES

1. *Heather Carlon.* Plaintiff Heather Carlon, formally known as Heather Bruntlett, is the registered owner of a bank bond issued by Rainier National Bank. Ms. Carlon is a resident of Spokane County, Washington.

2. *KeyCorp.* Defendant KeyCorp ("Key Bank") is a national banking association with its corporate headquarters in Cleveland, Ohio. Key Bank is regulated by the Office of the Comptroller of the Currency, an independent bureau of the United States Department of the Treasury. Key Bank holds a successor interest in certain Rainier National Bank ("Rainier Bank") branches, including their assets, liabilities and

COMPLAINT (CLASS ACTION) – 1

ATTORNEY WEST SEATTLE, P.S.
5400 CALIFORNIA AVE. SW STE E
SEATTLE, WASHINGTON 98136
TEL. (206) 388-8092

obligations. Key Bank has, at all relevant times, maintained offices and transacted business in Washington State, including King County.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, 1441, *et seq.* because this action is between citizens of different states and the amount in controversy is over $75,000.

4. Venue is proper under 28 U.S.C. § 1446(a), because Key Bank resides or may be found in this district, Plaintiff is located in this district, Key Bank transacts business in this district, and a substantial part of the events giving rise to the claim occurred in this district.

## III. NATURE OF THE CASE

5. This case arises out of the failure of Defendant Key Bank to honor time deposit investments issued by its predecessor entities, Rainier Bank. Plaintiff and members of the class sought herein deposited money in exchange for automatically renewing time certificate of deposits (together "Bond" or "Bonds") issued by Rainier Bank. The terms on the Bonds require the registered owner to surrender the original Bond to redeem their principal and unpaid interest. Defendant Key Bank acquired certain assets, liabilities and obligations of Rainier Bank. As part of these acquisitions, Defendant Key Bank was required to honor the Bonds. Recently, Plaintiff went to the Defendant Key Bank to surrender their Bond and withdraw their money, but Defendant Key Bank refused to honor the Bond. Key Bank has previously been sued multiple times for their failure to redeem Rainier Bank Bonds. In one similar case, *Poletti v. Bank of*

ATTORNEY WEST SEATTLE, P.S.
5400 CALIFORNIA AVE. SW STE E
SEATTLE, WASHINGTON 98136
TEL. (206) 388-8092

*America*, King County Superior Court Judge Douglas A. North held that the bank breached its contract and ordered the bank to pay the holder of the Bond. Nevertheless, Defendant Key Bank continues to misrepresent and misdirect Bond holders. Plaintiff, and the class she seek to represent, seek remedies for Defendant Key Bank's breach of contract as well as remedies under the Washington State Consumer Protection Act.

### IV. CLASS ALLEGATIONS

6. *Definition of Class.* Plaintiff proposes certification of the following class:

> All individuals who acquired a time certificate of deposit ("Bond") from Rainier Bank where the following conditions are met: (i) the Bond, by its terms, requires that it be surrendered for payment; (ii) the individual has physical possession of the Bond; (iii) the Bond was purchased at a Rainier Bank branch that Key Bank acquired; (iv) Key Bank has no documents specific to the Bond indicating that it was redeemed; (v) the Bond never escheated to the State of Washington, and (vi) the Bond was never presented for payment by the individual prior to February 23, 2015.

7. *Size of Class*. The class is expected to exceed 40 individuals and is so large that joinder of all members is impracticable. Based on the serial numbers on the Bonds litigated to date, Rainier Bank issued thousands of Bonds prior to the branch acquisitions by Defendant Key Bank. It is not uncommon for Bonds to become part of the registered owner's estate and left for heirs to redeem. Since 2018, Key Bank has been sued at least three times by individuals for failing to honor Rainier Bank Bonds. When presented with a demand for payment, and in litigation, the Defendant has consistently and uniformly taken the position that it has no obligation on any of the Bonds issued to Plaintiff or other holders of similar Bonds issued by Rainier Bank. In addition, Defendant

ATTORNEY WEST SEATTLE, P.S.
5400 CALIFORNIA AVE. SW STE E
SEATTLE, WASHINGTON 98136
TEL. (206) 388-8092

Key Bank has taken the additional step of knowingly misrepresenting to Plaintiff and other holders of similar Bonds, that they "have not found any evidence showing that KeyBank assumed any legal obligation by purchase, assumption, transfer, or otherwise, to redeem the Rainier BankBond you presented" and that "it has no legal responsibility or obligation to satisfy your request that KeyBank redeem the Rainier BankBond you have presented."

8. *Class Representative Carlon.* Named Plaintiff Heather Carlon is a member the proposed class. Ms. Carlon's claims are typical of the claims of the other members of the class and she will fairly and adequately represent the interests of the class. Specifically, she acquired a Bond from Rainier Bank that automatically renewed, never redeemed the Bond, and never received notification that the Bond was not being renewed, was abandoned, and/or had escheated to the State of Washington. When Plaintiff Carlon attempted to redeem the Bond at a Key Bank branch office, Key Bank refused to honor the Bond. In addition, Key Bank told Ms. Carlon that they "have not found any evidence showing that KeyBank assumed any legal obligation by purchase, assumption, transfer, or otherwise, to redeem the Rainier BankBond you presented" and that "it has no legal responsibility or obligation to satisfy your request that KeyBank redeem the Rainier BankBond you have presented."

9. *Common Questions of Law and Fact.* This action requires a determination of whether Defendant Key Bank's policies and practices with respect to honoring the Bonds issued by Rainier Bank violates the Bond, and/or are anticipatory breaches of the

Attorney West Seattle, P.S.
5400 California Ave. SW Ste E
Seattle, Washington 98136
Tel. (206) 388-8092

terms of those contracts.  Adjudication of this issue will in turn determine whether the Defendant is liable for its conduct.

10. ***Separate suits would create a risk of varying conduct requirements***.  The prosecution of separate actions by class members against the Defendant Key Bank would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct.  Certification is therefore proper under Fed. R. Civ. P. 23(b)(1).

11. ***Defendants have acted on grounds generally applicable to the relevant class.***  By failing to provide notice to Plaintiff and the class, failing to honor demands for payment, failing to escheat funds to the State of Washington and by misrepresenting the validity of the instruments to the Plaintiff and the class, Defendant Key Bank has acted on grounds generally applicable to all class members.  Declaratory and injunctive relief is appropriate to enforce the terms and conditions of the Bonds, as well as the Defendant Banks' legal obligations under law.  Certification is therefore proper under Fed. R. Civ. P. 23(b)(2).

12. ***Questions of law and fact common to the class predominate over individual issues.***  The claims of the individual class members are more efficiently adjudicated on a class-wide basis. Many Bonds are less than $1,000, rendering individual actions uneconomical. Any interest that individual members of the classes may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism.  Upon information and belief, there is no pending class action suit filed against Key Bank for the same relief requested in this

ATTORNEY WEST SEATTLE, P.S.
5400 CALIFORNIA AVE. SW STE E
SEATTLE, WASHINGTON 98136
TEL. (206) 388-8092

action. Issues as to Defendant Key Bank's conduct in applying standard policies and practices towards all members of each class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper Fed. R. Civ. P. 23(b)(3).

13. *Venue.* This action can be most efficiently prosecuted as a class action in the Eastern District of Washington where Defendant Key Bank does business and where the Plaintiff resides.

14. *Class Counsel*. Plaintiff has retained experienced and competent class counsel.

## V. FACTUAL BACKGROUND

15. In 1987, Security Pacific Corporation acquired Rainier Bank, including all of Rainier Bank's deposits and obligations on Bonds issued by Rainier Bank branches. In 1992, Security Pacific Corporation merged with BankAmerica to create Bank of America. The merger included Rainier Bank deposits and obligations on Bonds issued by certain Rainier Bank branches, including the branches that issued Bonds to Plaintiff Carlon and certain members of the class.

16. As part of the merger between Security Pacific Corporation and BankAmerica, the United States Department of Justice required the newly-formed Bank of America to divest several former Rainier Bank branches to other banks.

17. Bank of America sold the following Rainier Bank branches to Key Bank in 1992: Arlington/Smokey Point, Everett/California Avenue, Granite Falls, Lynnwood North, Renton/Sunset Blvd., Seattle/Capitol Hill, Seattle/Crown Hill, Seattle/Holman

ATTORNEY WEST SEATTLE, P.S.
5400 CALIFORNIA AVE. SW STE E
SEATTLE, WASHINGTON 98136
TEL. (206) 388-8092

Road, Seattle/Industrial Center/First Ave. S., Seattle/International District, Seattle/Lake Union, Seattle/Magnolia, Seattle/Rainier Beach, Seattle/University/N.E. 45th St., Tukwila/Southcenter, Seattle Private Banking Office, Aberdeen/Grays Harbor, Brewster, Centralia, College Place, Colville, Coulee City, Dayton, Elma, Goldendale, Grand Mound, Ilwaco, Kennewick, Kettle Falls, Long Beach, Longview, McCleary, Medical Lake, Montesano, Moses Lake, Oakville, Oroville, Othello, Pomeroy, Port Angeles, Ritzville, Spokane/Spraque & Havana, Wapato, Waterville, Wenatchee, White Salmon, Wilbur, Yakima, Zillah, Eastern Business Banking Center, Moses Lake Business Banking Center, Wenatchee Business Banking Center, Yakima Branch Banking Center.

18. Key Bank's purchase included the branches' deposits and obligations on Bonds issued by the Rainier Bank branches, including the branch that issued a Bond to Plaintiff Carlon and members of the class.

19. Defendant Key Bank earned interest and received benefits from holding the assets underlying the Rainier Bank-issued Bonds.

20. Defendant Key Bank is successor in interest to the Rainier Bank Bond held by Plaintiff Carlon and members of the class.

21. On September 12, 1980, Rainier Bank issued Rainier Bank Bond No. 12886 ("Bond No. 12886") to Heather Bruntlett with right of survivorship ("registered owners") for funds deposited with the bank in the principal amount of $138.56. Bond No. 12886 was issued by the Medical Lake Branch of Rainier Bank. Plaintiff Heather Carlon maiden name is Heather Bruntlett. Bond No. 12886 is attached to this Complaint as *Exhibit 1*. Bond 12886 has not been paid or redeemed. Plaintiff Carlon's father has

continuously resided at the address that appears on the face of the Bond. Plaintiff Carlon is the registered owner of the Bond listed in this Complaint and has the right to redeem the Bond.

22. The terms for withdrawing the funds generally are stated on the face of the instruments in a paragraph titled "Withdrawal." The contractual clause states that the principal amount and any accrued interest will be paid to the owner "upon presentation and surrender of this Rainier BankBond."

23. The Bonds are designed to look like a U.S. Savings Bonds. Many of the Bonds are titled "BankBond", however, they are actually automatically renewing multiple maturity non-negotiable time certificate of deposits. Rainier Bank misrepresented their investment product to mislead and confuse consumers.

24. Plaintiff's initial annual interest rates on the Bond is "11.25%" and the Bond's interest payments is "Added to Principal".

25. According to the terms printed on the face of the Bonds, they automatically renew with interest for subsequent maturities equal in length to the original maturity period unless (a) the original Bond is presented and surrendered to the Bank by the registered owner for payment or (b) the Bank at its option gives notice prior to any maturity date that it will not be renewed.

26. Plaintiff never surrendered the Bond and she has possession of the original Bond.

27. No bank, including Rainier Bank, Security Pacific Bank, BankAmerica, Bank of America, or Key Bank, ever gave Plaintiff Carlon or her father notice Bond No.

ATTORNEY WEST SEATTLE, P.S.
5400 CALIFORNIA AVE. SW STE E
SEATTLE, WASHINGTON 98136
TEL. (206) 388-8092

12886 was not being renewed. No bank, including Rainier Bank, Security Pacific Bank, BankAmerica, Bank of America, or Key Bank, ever gave Plaintiff Carlon or her father notice that it considered Bond No. 12886, or the funds behind the Bond, to be abandoned. No bank, including Rainier Bank, Security Pacific Bank, BankAmerica, Bank of America, or Key Bank, ever escheated Bond No. 12886, or the funds behind the Bond, to the State of Washington.

28. Plaintiff held the Bonds in a safe deposit box or other secure place for safekeeping.

29. Plaintiff's legal counsel searched for unclaimed property with the Washington State Department of Revenue which confirmed that it had no record of having received any funds belonging to the registered owners of the Bond.

30. In 2019, Plaintiff, on behalf of herself and other similar situated persons, sued Key Bank to redeem her Bond. In 2020, Key Bank's legal counsel indicated to Plaintiff's counsel that they wanted to pay Plaintiff and the other similar situated persons for their Bonds. As a result, on August 5, 2020, Plaintiff filed a motion to dismiss her case without prejudice against Key Bank. The Court subsequently granted Plaintiff's motion.

31. After Plaintiff's dismissal, Key Bank failed to pay Plaintiff and the other similar situated persons for their Bonds.

32. Since 2018 Key Bank has been sued on at least three different occasions by multiple individuals for Key Bank's failure to redeem Bonds issued by Rainier Bank. The cases include: (i) *Bossen, et al. v. Bank of America, et al.*, The United States District Court in

ATTORNEY WEST SEATTLE, P.S.
5400 CALIFORNIA AVE. SW STE E
SEATTLE, WASHINGTON 98136
TEL. (206) 388-8092

the Western District of Washington, Case No. 2:18−cv−00294−JLR; (ii) *Harris, et al. v. U.S. Bankcorp, et al.*, The United States District Court in the Western District of Washington, 2:19-cv-00291-BJR; and (iii) *Douglas, et al. v. Bank of America, et al.*, The United States District Court in the Western District of Washington, 2:20-cv-00193-JLR

33. In 2018 Key Bank received notice of redemption requests for Bonds issued from Rainier Bank branches that Key Bank acquired.

34. In 2018 Key Bank's counsel received copies of historical newspaper articles naming the bank branches that Key Bank acquired. The historical newspaper articles are attached to this Complaint as *Exhibit 2*.

35. In 2018, Key Bank's counsel also received copies of the U.S. Department of Justice confirmation letter of the bank branches that Key Bank acquired.

36. Key Bank's counsel then received King County Superior Court Judge Douglas A. North's holding that plaintiff's Rainier Bank Bond was valid and the judge's order directing Bank of America to pay the beneficiary. Judge Douglas A. North's holding is attached to this Complaint as *Exhibit 3*.

37. In 2019 Key Bank's counsel received a copy of the 580 page Branch Purchase and Assumption Agreement between Security Pacific and Key Bank that confirms Key Bank's purchase of the Rainier Bank branches listed in this complaint.

38. Despite having received a mountain of evidence regarding Rainier Bank Bonds, and despite having been sued three times for payment on Rainier Bank Bonds, today Key Bank continues an unfair business practice of denying liability for Rainier Bank Bonds from the branches they acquired when presented with redemption requests.

ATTORNEY WEST SEATTLE, P.S.
5400 CALIFORNIA AVE. SW STE E
SEATTLE, WASHINGTON 98136
TEL. (206) 388-8092

39. On July 10, 2020, Plaintiff Carlon made a demand upon Key Bank to honor Bond No. 12886. Key Bank refused to honor the Bond. Key Bank knowingly misrepresented to Plaintiff Carlon that that they "have not found any evidence showing that KeyBank assumed any legal obligation by purchase, assumption, transfer, or otherwise, to redeem the Rainier BankBond you presented" and that "it has no legal responsibility or obligation to satisfy your request that KeyBank redeem the Rainier BankBond you have presented." Key Bank further required that Ms. Carlon sign a confidential release agreement to receive Key Bank's monetary offer for her Rainier Bank Bond. These actions by Key Bank represent unfair and/or deceptive business practices.

40. Key Bank holds the money deposited by Plaintiff and the class members by way of merger and purchase of Rainier Bank branches.

41. As successor in interest to Rainier Bank branches at issue in this complaint, Key Bank managed the money deposited by Plaintiff and the class members.

42. As successor in interest to Rainier Bank branches at issue in this complaint, Key Bank benefited from money deposited by Plaintiff and the class members.

43. Key Bank knew, or should have known, about Bonds issued by Rainier Bank. Since 2018 Key Bank has been sued multiple times by multiple individuals for Key Bank's failure to redeem Bonds issued by Rainier Bank. Defendant Key Bank knew, or should have known, about the validity of Rainier Bank Bonds. After being made aware of their obligation on Bonds issued by Rainier Bank, Defendant Key Bank continued a policy of misinforming bond holders.

ATTORNEY WEST SEATTLE, P.S.
5400 CALIFORNIA AVE. SW STE E
SEATTLE, WASHINGTON 98136
TEL. (206) 388-8092

44. Ms. Carlon spent time and money investigating Key Bank's misrepresentations.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM:

### BREACH OF CONTRACT

45. Plaintiff re-alleges all paragraphs above.

46. Rainier Bank entered into valid written contracts with the registered owners of Bonds. As part of those written contracts, Rainier Bank accepted cash deposits from the registered owners in exchange for instruments issued to the registered owners.

47. Defendant Key Bank acquired the liability on certain Bonds, including those of Plaintiff and the class.

48. Defendant Key Bank breached the contracts with Plaintiff and the class by refusing to redeem and pay the balance of the Bonds, plus interest. Defendant Key Bank and their predecessors have not provided any notices to the registered owners, transferees or their beneficiaries that the Bonds would not be renewed, that they were dormant, or that any funds were being escheated to the State of Washington. Defendant Key Bank has not complied with Washington's Uniform Unclaimed Property Act.

49. In breaching the contracts with Plaintiff and the class, Defendant Key Bank also breached the contractual covenants of good faith and fair dealing that they owed Plaintiff and the class as a party to the contracts.

50. Defendant Key Bank is liable to Plaintiff and the class for the principal amounts of the Bonds as well as all interest accrued since their issuances.

ATTORNEY WEST SEATTLE, P.S.
5400 CALIFORNIA AVE. SW STE E
SEATTLE, WASHINGTON 98136
TEL. (206) 388-8092

51. Defendant Key Bank's breach of the contracts caused Plaintiff and the class to suffer foreseeable damages. From the outset of the contracts, it was foreseeable that breaches would cause direct and consequential damages to Plaintiff and the class, including, but not limited to, loss of principal, loss of interest, attorneys' fees, and related costs of litigation, all in amounts to be proven at trial.

52. Plaintiff and the class are also entitled to declaratory and injunctive relief.

**SECOND CLAIM:**

**VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT**

53. Plaintiff re-alleges all the paragraphs above.

54. The actions, practices, and omissions of Defendant Key Bank constitutes unfair and deceptive acts and/or practices in the conduct of trade and commerce that affects the public interest within the meaning of the Washington Consumer Protection Act, RCW 19.86.

55. The Rainier Bank Bonds state on their face that the funds shall be withdrawn "upon presentation and surrender of this Rainier BankBond," although some times the term "BankBill" is used instead of "BankBond." No other terms are stated as an alternative procedure for withdrawing the funds.

56. Plaintiff has fully complied with all the steps necessary to redeem the Bond. Defendant Key Bank has refused to redeem the Bond of Plaintiff and the class by making up erroneous theories in the absence of any evidence that one of its predecessors may have followed unwritten and unpublished rules unknown to Plaintiff by redeeming the Bonds without requiring the surrender of the original certificate.

57. Defendant Key Bank's conduct of telling Plaintiff and the class that they "have not found any evidence showing that KeyBank assumed any legal obligation by purchase, assumption, transfer, or otherwise, to redeem the Rainier BankBond you presented" and that "it has no legal responsibility or obligation to satisfy your request that KeyBank redeem the Rainier BankBond you have presented" is an unfair business practice.

58. Defendant Key Bank's conduct of telling Plaintiff and the class that Key Bank is not responsible for the Bonds is an unfair business practice.

59. Defendant Key Bank's position that it does not have to fulfill the terms of the contract with Plaintiff solely because it speculates, without any specific evidence of the Bond's escheatment or redemption, that it may have followed procedures contrary to the terms printed on the face of the instruments certificate is an unfair business practice.

60. Defendant Key Bank has uniformly failed to pay other substantially similar bond holders in Washington State. Defendant Key Bank has no evidence to support their non-payment position. Its refusal to redeem the instruments based upon an unpublicized change in the rules from those printed on the face of the instruments is an unfair business practice. The instruments were purposely structured to renew automatically, with no termination date so that consumers could leave their money on deposit with the bank indefinitely.

61. When a consumer has kept their bond funds at a bank for an extended period, just as the terms of the bank bonds and certificates encouraged, but is denied

ATTORNEY WEST SEATTLE, P.S.
5400 CALIFORNIA AVE. SW STE E
SEATTLE, WASHINGTON 98136
TEL. (206) 388-8092

redemption because a bank has not retained the records for that account, the burden for the costs of enforcing the contract falls on the bank. It would have been a simple and inexpensive matter for Defendant Key Bank to have retained the records for any bond accounts for which the original bond certificates were not surrendered. For its own reasons Defendant Key Bank, or its predecessors, apparently chose not to retain those records, or any other records regarding the registered owner's account. The Defendant Key Bank cannot use its own business decision not to retain records as the basis for denying a valid consumer claim supported by the customers' records that the bank pledged to rely upon. To do so is an unfair business practice.

62. Defendant Key Bank's responses to Plaintiff's and class members' attempt to redeem their Bonds are *per se* misrepresentations. The Bonds and/or certificates state the rules and process for redemption. When Plaintiff, and other persons similar to them, complied with those rules, Key Bank's refusal to pay Plaintiff is an unfair or deceptive act. In addition, Defendant Key Bank's act of wrongfully informing Plaintiff and other class members that they "have not found any evidence showing that KeyBank assumed any legal obligation by purchase, assumption, transfer, or otherwise, to redeem the Rainier BankBond you presented" and that "it has no legal responsibility or obligation to satisfy your request that KeyBank redeem the Rainier BankBond you have presented" is an unfair or deceptive act. These types of unfair business practices toward consumers is exactly what the Washington Consumer Protection Act was designed to prevent.

63. Defendant Key Bank was under a legal obligation to send any unclaimed property to the State of Washington under Washington's Uniform Unclaimed Property

ATTORNEY WEST SEATTLE, P.S.
5400 CALIFORNIA AVE. SW STE E
SEATTLE, WASHINGTON 98136
TEL. (206) 388-8092

Act. *See* RCW 63.29.190(1); RCW 63.29.170. If it had forwarded the funds to the State of Washington rather than retaining the money, Plaintiff's money would then be made available for Plaintiff and the class to claim and collect. The failure to deliver funds as required by Washington's Unclaimed Funds Act has prevented Plaintiff and the class from easily seeking payment of their funds from the State of Washington and is an unfair or deceptive act or practice that harmed Plaintiff and the class.

64. As a direct and proximate result of Defendant Key Bank's violations of the Consumer Protection Act, Plaintiff and the class have suffered damages, including but not limited to loss of principal and interest, attorneys' fees, and related costs of litigation, all in amounts to be proven at trial.

65. These actions by Defendant Key Bank has affected the public interest. Rainier Bank issued thousands of similar other bonds to other people. Defendant Key Bank has adopted a uniform policy of refusing to redeem those instruments and failing to follow Washington's Uniform Unclaimed Property Act when presented with the original bond certificate.

### VII. DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Certify this case as a class action, designate named Plaintiff Carlon as class representative, and designate ATTORNEY WEST SEATTLE, P.S., Eric J. Harrison as class counsel;

2. Enter judgment in favor of Plaintiff and the class and against Defendant Key Bank for its failure to comply with the terms of the bonds or certificates issued by its predecessors, Rainier Bank;

3. Enter judgment in favor of Plaintiff and the class and against Defendant Key Bank for its violation of the Washington Consumer Protection Act;

4. Enjoin Defendant Key Bank from refusing to honor bonds and/or certificates issued by their predecessors and declare the various contractual and statutory obligations that Defendant Key Bank has under the bonds and/or certificates;

5. Award Plaintiff and the class prejudgment interest and their attorneys' fees and costs; and

6. Award such other relief as is just and proper.

DATED: February 24, 2021.

ATTORNEY WEST SEATTLE

By: /s/ Eric J. Harrison
Eric J. Harrison (WSBA #46129)
5400 California Ave. SW
Seattle, WA 98136
Tel. (206) 388-8092
Email: eric@attorneywestseattle.com

Counsel for Plaintiff